IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| NANCY TRUMBULL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-00321 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | Magistrate Judge Maria Valdez |
| SCI ILLINOIS SERVICES, INC. d/b/a ROSEHILL CEMETERY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, NANCY TRUMBULL'S, MOTION FOR RELIEF FROM JUDGMENT AND IN THE ALTERNATIVE MOTION TO ALTER OR AMEND A JUDGMENT**

NOW COMES the Plaintiff, NANCY TRUMBULL, by and through her attorneys, EILEEN M. LETTS, MARTIN P. GREENE and KEVIN T. LEE of the law firm Greene and Letts, and for her Federal Rule of Civil Procedure Rule 60 Motion for Relief from Judgment or Order and, in the alternative, Federal Rule 59(e) Motion to Alter or Amend a Judgment, and states as follows:

**PROCEDURAL HISTORY**

1. On September 5, 2013 at 2:16 PM central time, plaintiff's counsel received a notice that defendant's attorneys had filed a supplement to their Rule 56 statement. (Ex. A, Email from the CM/ECF system dated September 5, 2013). The attachments were not served upon Plaintiff's counsel, but a check of the court's docket sheet discloses that the documents filed consisted of: (i) a January 9, 2009 email from Leonard Hayes to Gary Ritter, Larry Michael, Jeffrey Craig, and David Klein (Exhibit 1) regarding Hayes' understanding of pre-need versus at-need contracts; (ii) a September 30, 2008 email from Emmanual Diakoumakis, SCI Human Resources, to Gary Ritter regarding plaintiff's alleged fraud. (Exhibit 2); (iii) handwritten notes regarding Bob LaVoncher's interactions with Nancy Trumbull (Exhibit 3); and (iv) a copy of the Charles Hall contract (Exhibit 4). (Dkt. No. 19).

2. Since plaintiff had not received a notice of a motion seeking leave for defendant to supplement its Rule 56 statement, one of plaintiff's attorneys, Martin P. Greene, contacted one

1

of defendant's attorneys, Jonathan Linas, and inquired as to any motion seeing leave to file a supplement. Mr. Greene's September 5, 2013 email read:

> From :     "Martin P. Greene" <mpgreene@greeneandletts.com>
> To :           "Jonathan Linas (jlinas@JonesDay.com)" <jlinas@JonesDay.com>
> Cc :      "Eileen M. Letts" <emletts@greeneandletts.com>, Kevin Lee <ktlee@greeneandletts.com>, "Brent D. Knight (bdknight@JonesDay.com)" <bdknight@JonesDay.com>
> Sent on : 09/05 06:34:09 PM EDT
> Subject : FW: Activity in Case 1:12-cv-00321 Trumbull v. SCI Illinois Services, Inc. supplement
>
> Jonathan,
>
> I am receipt of the notice of filing set out below. I do not recall seeing a motion for leave to file. Did I miss something in that regard?
>
> Thanks. (Ex. B, Email from Martin P. Greene to Jonathan Linus, Sept. 5, 6:34 pm EST)

3. Defendant's counsel responded as follows:

> -----Original Message-----
> From: Jonathan Linas [mailto:jlinas@JonesDay.com]
> Sent: Thursday, September 05, 2013 5:49 PM
> To: Martin P. Greene
> Cc: Eileen M. Letts; Kevin Lee; Brent D. Knight (bdknight@JonesDay.com)
> Subject: RE: Activity in Case 1:12-cv-00321 Trumbull v. SCI Illinois Services, Inc. supplement
>
> Martin,
>
> Chambers called me and asked me to file it.
>
> Jon (Ex. C, Email from Jonathan Linus to Martin P. Greene, September 5, 2013, 5:49 pm CST)

4. At no point were any of plaintiff's attorneys contacted by the Court's Chambers regarding a request to defendant that it supplement its 56.1 Statement of Facts. Nor was plaintiff requested to be a part of any communication between the Court's Chambers and defendant's counsel regarding a supplementation of its Rule 56.1 Statement.

5. Plaintiff does not suggest any *ex parte* communication in this matter was anything other than through inadvertence; however it should be noted that prohibitions on communications of this type are taken very seriously. ABA Code of Judicial Conduct 2.9 and Illinois Supreme Court Code of Judicial Conduct Rule 63(A) provide that "a judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter," ABA Model Code of Judicial Conduct 2.9(A)(1)-(5); See Ill. Sup, Ct. R. 63(A). Furthermore, the ABA Code of Conduct requires that a judge make reasonable efforts, including providing appropriate supervision, to ensure that this rule is not violated by court staff, court officials, and others subject to the judge's discretion and control. ABA Model Code of Judicial Conduct 2.9(D). However, where "a judge inadvertently receives and *ex partee* communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties with an opportunity to respond." ABA Model Code of Judicial Conduct Rule 2.9(B).

6. It is now apparent that an *ex parte* communication has occured and that communication had a bearing upon the Court's summary judgment ruling. Plaintiff's counsel was not given an opportunity to respond to any request by the Court's Chambers to allow defendant to supplement its Rule 56 Statement of Facts. Had plaintiff been given such an opportunity, plaintiff would have argued that she should be given a similar opportunity to supplement or amend her summary judgment filings. As it stands, plaintiff was denied the opportunity to make such an argument, which would only have been a fair result. Such a result would also have allowed the Court to avoid the appearance of impropriety, even though that appearance may have come about by way of inadvertence.

7. The cure is for the Court to allow plaintiff's present motion to serve as plaintiff's opportunity to respond to defendant being granted leave to file a supplement to their Rule 56 Statement of Facts. Plaintiff does not object to defendant being granted leave to supplement its Statement, provided plaintiff is given a similar opportunity to supplement or amend her

Statement. Such supplement or amendment consists of: (i) Plaintiff's Second Amended Response to Defendant's Statement of Undisputed Material Facts (Ex. D) ; and (ii) Plaintiff's Second Amended Statement of Additional Facts (Ex. E).

### The Court's Granting of Defendant's Motion from Summary Judgment

8.     On September 10, 2013, this Court entered an order granting Defendant's Motion for Summary judgment and dismissing the Plaintiff's lawsuit in its entirety. (Memorandum and Order. Sept. 10, 2013).

9.     The Court held that Plaintiff failed to demonstrate SCI's stated reason for terminating her employment was mere pretext because the record evidence showed that Larry Michael honestly believed that Trumbull was untruthful when he decided to terminate her employment. (Memorandum and Order, 12,16).

10.    The Court also found that Plaintiff had in fact committed theft by misapplying the pre-need/at-need policy and held that it was unclear whether the misconduct engaged in by other employees, such as, admittedly lying to one's supervisor or violating the Defendant's internment verification procedure, is the same or similar conduct to the Plaintiff's conduct.  The Court also found that it could not engage in a similarly situated comparator analysis because Plaintiff cited facts in support of this argument in her 56.1 Responses to the Defendant's Statement of facts rather than in her 56.1 Statement of Additional Material Facts. (Memorandum and Order, 14-15).

11.    In fact,  the Court disregarded many of the Plaintiff's factual assertions because they were made in contravention of Local Rule 56.1(b)(3)(B). (Memorandum and Order, 2).

12.    Most damaging is the Court's discarding of Plaintiff's response to Defendant's Statement of Undisputed fact number 32, which contains citations evidencing that: (a) Tom Bornstein and Tom Hetman are similarly situated comparators based on the nature of their misconduct and violations of company policy; (b) SCI's Internment Verification Procedures are some of SCI's

most important and; (c) that SCI employees have been terminated for violating the procedures. (Ex. F, Pl's Am. Resp. to Def.'s Statement of Undisputed Facts, ¶ 32, June 6, 2013).

## ARGUMENT

### I. PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

Trumbull's motion is based, in part, on subsection (6) of Rule 60(b). Rule 60 is an extraordinary remedy that grants the court the power to modify its orders to correct inadvertent errors detected within a reasonable time, in exceptional circumstances, where there is substantial danger that the underlying judgment was unjust. *Knox v. Lichtenstein*, 654 F.2d 19,21 (Eighth Cir. 1981); *Dickerson v. Board of Education*, 32 F.3d 1114, 1116 (7th Cir. 1994); *Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir. 1989) (citations omitted). Rule 60(b)(6) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Sometime before September 15, 2013, Defendant's counsel tendered to the Court, without notice to the plaintiff, four supplemental documents bearing on the substance of this case. (*See* ¶ 1, Procedural Background). Plaintiff counsel does not know whether this *ex parte* communication had any prejudicial impact in the Court's ultimate decision to grant, in full, Defendant's Motion for Summary Judgment. Nevertheless, plaintiff should have been promptly notified and given an opportunity to respond. *See* ABA Model Code of Judicial Conduct Rule 2.9(B).

It is also unknown for what purpose the Court's Chambers requested the defendant to supplement the record. However, the Court dismissed Plaintiff case based substantially, in part, on Plaintiff non-compliance with Local Rule 56.1. Many of the Plaintiff citations to record evidence supporting plaintiff's discrimination and retaliation claims were contained solely in her Response to the Defendant's Statement of Undisputed Facts, which were disregarded by the Court. While the Court does have the discretion to require strict compliance with Local Rule 56.1, it is equally endowed with the discretion to consider less severe sanctions for plaintiff's

5

failed compliance with Local Rule 56.1 instead of the wholesale discarding of facts citied in her Response to Defendants Statement of Facts. *See Cracco v. Vitrqan Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Certainly, the Court's Chamber's exercised such judicial discretion in affording the defendant an opportunity to supplement the record. In the interest of providing Plaintiff an opportunity to present her case, in its entirety, on the merits, plaintiff requests the this Court grant her the opportunity to amend her Response to Defendant's Statement of Facts as well as her Statement of Additional Facts.

II.  **PLANITIFF'S 59(e) MOTION TO ALTER OR AMEND A JUDGMENT**

Federal Rule of Civil Procedure 59(e) allows a party against whom an unfavorable decision has been issued to "direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact." *Wilczynski v. Kemper Nat'l Ins. Cos.*, 1995 U.S. Dist. LEXIS 10304, 2 (N.D. Ill. July 19, 1995). "The rule essentially enables a court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id*. A Rule 59(e) motion should not be used by the losing party "as a vehicle to rehash arguments previously considered and rejected by the court." *Id*. at 3.

**A. The Court Made an Improper Credibility Assessment Regarding Larry Michael's Honest Belief That Trumbull Committed Theft.**

The Court held that the record evidence showed that Larry Michael actually believed that Trumbull was untruthful and that "pretext does not exist if the decision maker honestly believed the nondiscriminatory reason for its employment action." (Memorandum and Order, 16). However, Michael possessed a professional and financial interest in avoiding liability for discrimination and retaliation. The Supreme Court and the Seventh Circuit have both recognized that "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…" Moreover, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence

comes from *disinterested witnesses*." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133,151 (2000). (emphasis added and internal citations omitted). The Court's decision overlooks this vital nuance to the rule.

In *Stalter v. Wal-mart Stores, Inc.*, 195 F.3d 285 (7th Cir. 1999), the Seventh circuit found incredible Wal-Mart's justification for terminating an employee who Wal-Mart, purportedly, honestly believed had committed theft under Wal-mart's company policies. *Stalter,* 195 F.3d at 278. There, Wal-mart terminated the employment of an African-American employee, for taking and eating a "handful of taco chips" from an open bag on a countertop in an employee breakroom. *Stalter,* 195 F.3d at 278. Wal-mart had an unwritten policy permitting employees to eat food items "abandoned" in the breakroom. *Stalter*, 195 F.3d at 287. However, unbeknownst to the employee, the chips belonged to a co-worker. *Stalter*, 195 F.3d at 287. The employee's supervisor terminated him after conducting an independent investigation, and determining that the taking of the taco chips constituted theft under Wal-Mart's policies. *Stalter*, 195 F.3d at 287. The policy at issue provided that "certain actions of gross misconduct may result in immediate termination... These actions include, but are not limited to…"[t]heft…" *Stalter, 195 F.3d at 286.*

The district court held that the employee had failed to present any evidence that Wal-Mart's stated reason for discharging him was pretextual since he had technically committed theft under the policy. *Stalter*, 195 F.3d at 286, 288. The Seventh Circuit reversed, finding that Wal-Mart's interpretation of theft under the policy and the severity of the punishment levied against the employee were so unreasonable that it called into question the credibility of Wal-mart's stated "honest" reason for terminating the employee. Evidence was also presented that a similarly situated white co-worker was not terminated for lying to her supervisor regarding her absenteeism, conduct that also constitutes gross misconduct under Walk-Mart's policies.. *Stalter*, 195 F.3d at 291. The Seventh Circuit held that based on the evidence "a jury is certainly free to believe that [theft] was not the true reason Wal-Mart fired *Stalter*." *Stalter*, 195 F.3d at 290.

Here, like in Wal-mart, plaintiff was technically guilty of violating the pre-need/at-need policy. Moreover, like in Wal-mart, plaintiff supervisor, Larry Michael, conducted an independent investigation and plaintiff pointed to record evidence that a non-African American employee was given a comparatively lenient punishment for admittedly lying to his supervisor, an offense which, pursuant to Rules of Conduct and Uniform Code could have been punished with immediate termination.

The Court also did not afford the Leonard Hayes' testimony the same weight it afforded to Larry Michael's. In plaintiff's Statement of Additional Material Facts, she cites deposition testimony from Leonard Hayes, stating that: (a) sales counselors would sometimes use the wrong contract and that happened possible more than 15 times; (b) when sales counselors used the wrong contact the counselor would typically be sent back to the family to have the contract re-written; and (c) he could not remember anyone being fired for using a preneed contract when an at-need contract was required. (Ex. G, Pl's First Am. Statement of Additional Facts, ¶¶ 4-6). Based on this evidence a jury is certainly free to believe that [theft] was not the true reason SCI fired plaintiff. *See Stalter*, 195 F.3d at 290.

### B. The Plaintiff Raised Sufficient Evidence of Pretext and Triable Issues of Discrimination and Retaliation.

By discarding much of plaintiff cited facts for violating rule 56.1, plaintiff's arguments were impoverished of any evidentiary force to show pretext. Had the Court considered the record evidence cited by plaintiff, it would have found several disputed issues of material fact.

#### *1. SCI's Employee Handbook Provides That Theft, Providing False Information to Supervisors and Being Deceitful are All Violations of the Rules of Conduct.*

The defendant's Employee Handbook provides Rules of Conduct ("Rules").[1] The Rules provide that "there are some forms of behavior that will not be tolerated, including, but not limited to *"[d]amage, destruction, theft, or misuse of Company property…"*

SCI's Rules of Conduct provide that any violation may be grounds for immediate termination, regardless of whether the offense involves theft, providing false information to supervisors, or deception. Thus, the Rules of Conduct themselves resolve the Court's question as to whether lying and deceiving one's supervisor is conduct the same or similar conduct to plaintiff alleged theft and deception.

Moreover, under defendant's expansive interpretation of its theft policy, any conduct that results in an increase commission payment to an employee, whether by intention, error, or mistake, is theft warranting of immediate termination. Such a drastic and unreasonable position calls into question whether SCI has adopted this stance in this case merely as pretext for discrimination and retaliation; especially given that plaintiff: (1) informed SCI human resources that she was subject to harassment by Bob LaVoncher because she was African American and female; (2) spoke with Leonard Hayes at least twice regarding LaVoncher's harassment; (3) contacted the Careline four times regarding LaVoncher's harassment and other workplace irregularities; (4) transferred from her previous position as a Family Services Counselor to a Community Service counselor to escape the strained relationship with LaVoncher; and (6) was subject to an investigation for theft initiated and conducted by Bob LaVoncher.

### 2. Whether the Violations of Internment Verification Procedures and Violations of the At-need/Pre-need Procedures are Comparable Offenses Should be Resolved by the Jury.

Much is made of the difference between the plaintiff's violation of the pre-need and at-need policy and Tom Bornstein's violation of the internment verification policy. However, "[t]his

---

[1] The Employee handbook was introduced as a part of the record as Exhibit 7 to Nancy Trumbull's Deposition and is cited by the Defendant in ¶¶ 14 and 55 of Defendant's Statement of Undisputed Facts.

9

is a classic dispute of material fact, best left to the finder of fact to resolve, and on summary judgment should be construed in [the Plaintiff] favor. *Wal-Mart Stores, Inc.*, 195 F. 3d at 290.

Plaintiff presented evidence, albeit in her Response to the Defendant's Statement of Facts, that Internment Verification Procedures are some of SCI's most important because they prevent the burial of a body or remains in the wrong plot, which would levy a heavy financial cost upon SCI. (Ex. F, Pl.'s First Am. Resp. to Def.'s Statement of Undisputed Material Facts, ¶ 32). Furthermore, the Plaintiff cites deposition testimony from Leonard Hayes, that: (a) violation of internment Verification Procedures is a more egregious violation than incorrectly writing a pre-need contract; (b) the Defendant has terminated quite a few employees for violating the Internment Verification Procedures; and (c) he cannot recall any employee being terminated for violating the Defendant's at-need/pre-need procedures. (Ex. F, Pl.'s First Am. Resp. to Def.'s Statement of Undisputed Material Facts, ¶ 32).

WHEREFORE, Plaintiff, NANCY TRUMBULL, prays that this Honorable Court grant plaintiff's Rule 60 Motion for Relief from Judgment or Order or, in the alternative, grant plaintiff's Federal Rule 59(e) Motion to Alter or Amend a Judgment.

        Respectfully submitted,
        By:*/s/ Martin P. Greene*
        Martin P. Greene
        GREENE AND LETTS
        Attorneys for Plaintiff
        55 W. Monroe St., Suite 600
        Chicago, Illinois 60602
        312-346-1100