IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY TRUMBULL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 0321 |
| v. ) | |
| ) | |
| ) | Judge Amy J. St. Eve |
| SCI ILLINOIS SERVICES, d/b/a/ ) | |
| ROSEHILL CEMETERY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Court, in its discretion, denies Plaintiff's motion for relief from judgment and to alter or amend the judgment [96].

## STATEMENT

On May 30, 2012, Plaintiff Nancy Trumbull ("Trumbull") filed a Second Amended Complaint against her former employer, SCI Illinois Services, Inc., d/b/a Rosehill Cemetery ("SCI"), alleging race and sex discrimination claims and a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. On September 10, 2013, the Court granted SCI's motion for summary judgment and dismissed this lawsuit in its entirety.[1] On October 8, 2013, Trumbull filed the present motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the Court, in its discretion, denies Trumbull's motion because she has not established that the Court committed a manifest error of law or fact. *See Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012).

## LEGAL STANDARD

Because Trumbull filed the present motion within twenty-eight days of the entry of judgment — excluding the day the judgment was entered — the Court construes this motion under Rule 59(e). *See* Fed.R.Civ.P. 6(a)(1)(A). To succeed on a Rule 59(e) motion to alter or amend the judgment, a party must clearly establish: (1) that the Court committed a manifest error of law or fact; or (2) that newly discovered evidence. *See Blue,* 698 F.3d at 598; *see also Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not

---

[1] The Court presumes familiarity with its September 10, 2013, Memorandum, Opinion, and Order. (R. 94.)

demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' ") (citation omitted). Rule 59(e) "motions are 'not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier.'" *Miller v. Safeco Ins. Co. of Am.,* 683 F.3d 805, 813 (7th Cir. 2012) (citation omitted); *see also Edgewood Manor Apt. Homes, LLC v. RSUI Indem. Co.,* ___F.3d. ___ 2013 WL 5764664 (7th Cir. Oct. 25, 2013) ("a Rule 59(e) motion is not a fresh opportunity to present evidence that could have been presented earlier."). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *see also Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 953 (7th Cir. 2013) (appellate court reviews denial of Rule 59(e) motion for abuse of discretion).

## BACKGROUND

After the parties briefed Defendant's motion for summary judgment, on September 5, 2013, the Court's law clerk called SCI's counsel, Jonathan Minus, and left a voicemail in relation to SCI General Manager Leonard Hayes' deposition transcript because SCI did not attach Hayes' complete deposition transcript to SCI's Local Rule 56.1(a)(3) Statement of Facts. In response to Trumbull's present motion, Defendant transcribed the September 5, 2013, voicemail as follows:

> Hi Jon, my name is Suzanne Strater. I'm calling from Judge St. Eve's chambers in the Northern District of Illinois, calling concerning a Case No. 12-C-321. It's *Trumbull v. SCI* and it is the case in which you have filed a Motion for Summary Judgment. In relation to that Motion for Summary Judgment, you referred to the deposition of Leonard Hayes. It's your Exhibit J and you don't give us the entire deposition and I can't find it anywhere else in total in the record. So, the judge would like for you to file the entire Leonard Hayes deposition on the docket and that's for case No. 12-321 and also to send us over a courtesy copy to Room 1260 at the Dirksen Building. Again, my name is Suzanne. My number is [redacted] and this considers, this is concerning Trumbull v. SCI doing business as Rosehill Cemetery and the Motion for Summary Judgment. Thank you.

(R. 106, at 2.)

After the law clerk left this message, SCI filed Leonard Hayes' entire deposition transcript, along with the four deposition exhibits, on the Court's docket that same day. (R. 91.) When counsel filed the entire Hayes' transcript and deposition exhibits, he did not make any arguments or comments — he simply filed the documents. The Northern District of Illinois' electronic case management system then notified Trumbull that SCI had filed the entire Hayes deposition on the docket. (R. 96-1.) Notably, Trumbull's counsel took Hayes' deposition. Later that day, Trumbull's counsel emailed SCI's counsel asking why SCI had filed the entire Hayes deposition transcript to which SCI counsel informed Trumbull that "[c]hambers called and asked me to file it." (R. 96-2, 96-3.)

## ANALYSIS

Trumbull bases her Rule 59(e) motion on the communication in which the Court's law clerk left a voicemail for SCI's counsel asking that counsel file the entire Hayes transcript on the docket. Assuming a voicemail message is a communication, Trumbull bases the present motion on this ex parte communication arguing that the Court should allow her to file a Second Amended Response to Defendants' Rule 56.1 Statement of Facts in opposition to SCI's summary judgment motion.

Although courts disfavor most ex parte communications, under the Code of Conduct for United States Judges, Cannon 3(A)(4)(b), a judge may "when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication[.]" Indeed, it is often necessary for the daily operation of chambers for the Court, through its staff, to contact parties concerning setting dates, general scheduling, and for other administrative purposes, just as counsel and parties contact the Court's staff for these similar purposes.

Here, the Court's communication with SCI's counsel concerned an administrative purpose, namely, the Court — through chambers staff — requested that counsel file an entire deposition transcript on the record — a deposition that Trumbull's counsel took. There was no discussion concerning any substantive matters in the voicemail message at issue. In fact, there was no discussion given that the law clerk simply left a voicemail. Furthermore, when SCI's counsel docketed the transcript, he did not make any comments, arguments, or cite additional authority. Under these circumstances, no advantage was conferred to either party as a result of the ex parte communication. *See* Code of Conduct for United States Judges, Cannon 3(A)(4)(b).

Further, Trumbull has failed to establish that the Court's ex parte voicemail prejudiced her. *See Drobny v. C.I.R.* 113 F.3d 670, 680 (7th Cir. 1997) ("[n]ot every ex parte communication is a procedural defect so substantial and so likely to cause prejudice that it entitles the claimant to an entirely new ... proceeding.") (citation omitted). Instead, Trumbull maintains that the error lies in the fact that her counsel was not given an opportunity to respond to the Court's request for Hayes' entire deposition transcript. At the motion hearing on October 15, 2013, when the Court asked Trumbull's counsel how counsel would have acted differently, counsel stated that she would have asked to supplement Trumbull's motion. Counsel, however, did not explain how the lack of opportunity to supplement prejudiced Trumbull. Without more, the Court would be hard-pressed to conclude that the voicemail communication caused Trumbull any harm.

Next, Trumbull argues that the Court should alter or amend the summary judgment ruling because the Court made an improper credibility assessment regarding Chicago Managing Director Larry Michael's honest belief that Trumbull was untruthful. Trumbull maintains that

3

the Court should have afforded Leonard Hayes' testimony equal weight.  To clarify, in the summary judgment order, the Court stated that there was undisputed evidence in the record that Michael, the final decision maker, believed that Trumbull was untruthful.  Despite Trumbull's argument to the contrary, under the relevant inquiry, whether Hayes, who was not the final decision maker, thought Trumbull was truthful is not at issue.  *See Hill v. Tangherlini,* 724 F.3d 965, 968 (7th Cir. 2013) ("An inquiry into pretext requires that we evaluate the honesty of the employer's explanation, rather than its validity or reasonableness").  Instead, Michael's opinion, as the final decision maker, is what mattered.  *See Smiley v. Columbia Coll. Chicago,* 714 F.3d 998, 1002 (7th Cir. 2013) ("Pretext does not exist if the decision-maker honestly believed the nondiscriminatory reason for its employment action."); *see also Perez v. Thorntons, Inc.,* ___ F.3d ___, 2013 WL 5420979 (7th Cir. Sept. 30, 2013).  Moreover, Trumbull's argument based on Hayes' testimony simply rehashes her arguments made at summary judgment, as does her repeated argument that SCI treated similarly situated comparators more favorably.  *See Miller,* 683 F.3d at 813; *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009).  These arguments fail to establish that the Court committed a manifest error of law or fact.  *See Blue,* 698 F.3d at 598.

Finally, Trumbull contends that the Court erroneously "discarded" many of her facts for violating Local Rule 56.1.  As the Court discussed in the September 10, 2013, Memorandum, Opinion, and Order, the Court did not consider many of Trumbull's facts because: (1) she set forth additional facts in her Local Rule 56.1(b)(3)(B) Responses; (2) many of her responses contained factual and legal arguments; and (3) in her responses, Trumbull often denied facts, but did not cite to the record in support of her denial.  The Court did not err in disregarding these facts, rather, the Court expected compliance with the Local Rules.  *See Modrowski v. Pigatto,* 712 F.3d 1166, 1169 (7th Cir. 2013) (The Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.") (citation omitted).  As the Court explained in its summary judgment order, "[e]mployment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes...." *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543-44 (7th Cir. 2011) (internal quotation marks and citation omitted).  In short, Trumbull's failure to abide by the Local Rules was not Court error.  Therefore, this basis for Trumbull's Rule 59(e) motion is without merit.

**Dated:** October 29, 2013            _____
                       **AMY J. ST. EVE**
                       **United States District Court Judge**